**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

Abdisalam Wilwal, *et al.*,

    Plaintiffs,

v.

Kirstjen Nielsen, *et al.*,

    Defendants.

Case No. 17-cv-2835

**PROTECTIVE ORDER**

Upon consideration of the Joint Motion for Entry of a Protective Order by Plaintiffs and Defendants, captioned above, the Court finds that such an order will expedite the exchange of discovery material in the above-captioned matter (the "Litigation"), facilitate the prompt resolution of disputes over confidentiality, and protect discovery material entitled to be kept confidential. Disclosure and discovery activity in this action are likely to involve production of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a. Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. Therefore, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED that the parties' Joint Motion for Protective Order is GRANTED, and it is FURTHER ORDERED that the following provisions shall govern the use and disclosure of documents and information covered by this Order:

˘ 1 ˘

**1.     Definitions**

(a) "Action" shall mean the case captioned *Abdisalam Wilwal, et al. v. Kirstjen Nielsen, et al.*, Case No. 0:17-cv-02835 (D. Minn.).

(b) "Covered Information" shall mean (1) any document, information or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, et seq., or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence, (2) personally identifiable information, (3) any document, information, or tangible thing protected by the provisions of 45 C.F.R. §§ 164.102–164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)), and (4) all protected documents, information or tangible things that the parties agree in writing, or the Court orders, qualify for protection under Federal Rule of Civil Procedure 26(c).

(c) "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying.  "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

(d)     "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & B.

(e) "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

(f) "Designating Party" shall mean the party or other person producing in discovery

in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

(g)  "Producing Party" shall mean the person or party producing in discovery in the Action.

(h)  "Protected Health Information" or "PHI" includes certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.102–164.534 (regulations promulgated pursuant to HIPAA), or information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties.

(i)  "Receiving Party" shall mean any party who receives information that has been designated as Covered Information.

## 2. Documents and Information Covered by this Order

(a)  This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party").  This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

(b)  This Order shall govern the use and disclosure of Covered Information, as defined in paragraph 1(b) above.

(c) The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).  All patient identifiable information shall be

˘ 3 ˘

designated "confidential" using the process in Section C of this Protective Order and may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

(d) Documents, information, or tangible items will be protected under this Order when they are designated by a Party as being subject to this Protective Order by marking the document, information or tangible item as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" for Documents that contain Protected Health Information, or by means of a similar marking. Any deposition testimony deemed to constitute Covered Information should be so designated by written notice within 30 days of receipt of the Transcript, and all deposition testimony (including the corresponding video testimony, if any) shall be treated as Covered Information until such deadline has passed. The designating party shall provide copies of all such marked documents, information, or tangible items to all other parties. For any document, information, or tangible item, such as computer data, whose medium makes such a marking impractical, the compact disc case or other enclosure and any accompanying paper or e-mail cover letter shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" for Documents that contain Protected Health Information, or with a similar marking in a way that brings its attention to a reasonable examiner. Designation and marking in accordance with this paragraph shall be deemed effective to bring information contained in such documents, information, or tangible item under the protection of this Order unless and until the Court orders otherwise.

(e) Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure of Covered Information under this Order must be clearly so designated before the material is disclosed or produced.

(f) Except as specified below, all information derived from Covered Information, even if incorporated in another document or compilation or referred to in testimony, shall be defined as Covered Information. Covered Information shall continue to be subject to the requirements of this Order regardless of whether the document or compilation or testimony containing information derived from Covered Information has been marked in accordance with paragraph 2(d).

**3.      Exercise of Restraint and Care in Designating Material for Protection**

Each party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, or items that qualify (e.g., by making appropriate markings in the margins), so that other portions of the material, documents, or items for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**4.      Challenging Covered Information Designations**

(a) <u>Timing of Challenges</u>. Any party may challenge, in writing, a designation of material as Covered Information at any time up to 30 days after the close of discovery. In the case of deposition testimony that is designated as Covered Information after the

˘ 5 ˘

close of discovery (*see supra* Section 2(d)), such challenge may be made at any time up to 30 days after designation of the deposition transcript or testimony as Covered Information.

(b) <u>Meet and Confer</u>.  The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to a designation of Covered Information is being made in accordance with this section of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the service of notice.  In conferring, the challenging party must explain the basis for its belief that the designation of Covered Information was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

(c) If the Designating Party decides to withdraw its designation, it shall give notice of its withdrawal to all parties.

(d) <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the challenging party may file and serve a motion challenging the

designation of Covered Information.  Each such motion must include a certification or be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the designating party, to the extent consistent with applicable law.  In the event of a challenge to a designation of Covered Information, all parties shall continue to afford the material in question the protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

**5.     Use and Disclosure of Covered Information**

(a)  Subject to subsections (g) through (i) below, the documents and materials protected hereunder may be disclosed to the following persons only:

1.     The parties, including their counsel of record, the staff of their counsel of record, and any outside counsel with whom their counsel of record enter into a co-counsel agreement for purposes of this litigation;

2.     Bona fide employees of the signatories, while assisting in accomplishment of the foregoing purposes, with disclosure only to the extent necessary to enable them to perform same;

3.     The experts, investigators or consultants or others retained by the parties, while assisting in the accomplishment of the aforementioned purposes, with disclosure only to the extent necessary to enable them to perform same;

    4.  Any person who gives or will provide testimony in the action, during deposition or trial or preparation for the same; however, the materials may not be thereafter retained by any such person;

    5.  The Court, the staff of the Court and any jury empaneled in this action; and

    6.  All attorney service providers assisting in accomplishment of the foregoing purposes on behalf of any party, with disclosure only to the extent necessary to enable them to perform same.

  (c) While a party may disclose materials protected by this Order to any person in the above-specified categories, for any recipient in categories (3) and (4) above, a party shall advise such person as to the contents, force, and effect of this Protective Order. Furthermore, for any recipient in categories (3) and (4), the disclosing party shall obtain and maintain such person's signature on a copy of the Confidentiality Undertaking form attached to this Protective Order, signifying that person's commitment to abide by the provisions hereof and submission to this Court's jurisdiction.

  (d) In the event that any person in categories (3) and (4) above refuses to sign the Confidentiality Undertaking form with respect to discovery material designated to be within the scope of paragraph 1(b), no Covered Information may be disclosed to such person, except (1) when otherwise ordered by the Court, or (2) with the prior written consent of the Producing Party that originally designated such Covered Information as containing information within the scope of paragraph 1(b) of this Order and subject to any

procedures that the Producing Party may require to maintain the confidentiality of such Covered Information.

(e)  All executed Confidentiality Undertaking forms shall be retained by Counsel for the party which obtained the Undertaking until such time as this litigation, including all appeals, is concluded and shall be available to the other party, or his agents or counsel, upon request to the Court for good cause shown.

(f) Unless the opposing party provides consent, a party shall not otherwise disclose the materials protected by this Order without first obtaining from the Court an Order, upon appropriate motion, using the process set forth in section 6 below, permitting such further disclosure.

(g)  Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Covered Information to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Covered Information has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Designating Party or non-party of the Congressional entity's request and the United States' response thereto.

(h)  This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the producing or receiving party through means or sources outside of this litigation, nor does it restrict or absolve any party from complying

with any statutory or regulatory obligations imposed on a party, including civil or criminal law enforcement activities or to further applicable legal obligations relating to the use of information, including, but not limited to, obligations under the Privacy Act. See 5 U.S.C. § 552a.

(i) Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise provided in this Order, Covered Documents and Covered Information received by a party during the course of this Litigation may be used only in connection with the prosecution or defense of this Litigation.

**6.     Inadvertent Failure to Designate and Inadvertent Disclosure**

(a) Inadvertent Failure to Designate.  A Producing Party may notify the Receiving Party that a document or information produced in discovery that should have been designated as Covered Information, and marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" under the terms of this Order, was inadvertently produced without being designated and marked as such.  Upon receiving such notice from the Producing Party, the Receiving Party shall immediately treat the documents and information as if it had been so designated, and shall place the appropriate designation on the document within five (5) business days of receipt of such notice.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such documents or information have been disclosed or used in a manner inconsistent with the later designation.  Once such a

designation has been made, however, the relevant documents and information shall be treated as Covered Information in accordance with this Order.

(b)  Inadvertent Disclosure.  If a Receiving Party discloses Covered Information to any person not authorized to receive such disclosure, the Receiving Party must, upon learning that such disclosure has been made:  (1) inform the Designating Party, and state the facts and circumstances of such disclosure; and (2) request the return of the Covered Information from the unauthorized person and seek to minimize any further unauthorized disclosure.

**7.     Filing of Covered Information**

(a)     If a party's pleadings, briefs, exhibits thereto, or other court papers ("papers") contain Covered Information, that party shall file a complete copy of such papers under seal using the procedures set forth in Local Rule 5.6, (although nothing in this order prevents the court from denying a party's request to file a document or motion under seal), provided that:

(i)     simultaneously with that filing, that party shall serve a complete copy of such papers on opposing counsel;

(ii)     within one week after the close of summary judgment briefing, that party shall serve on opposing counsel a proposed set of redactions of the Covered Information in such papers; and

(iii)     within three weeks of the close of summary judgment briefing, if the parties can agree on proper redactions, then that party shall file a public redacted copy

of such papers; but if the parties cannot agree on proper redactions, then that party shall file under seal their proposed set of redactions, with a motion explaining the dispute, and opposing counsel shall have one week to respond. In the case of such redaction disputes, the burden of persuasion shall be on the party seeking the broader set of redactions to show good cause for the broader redactions they seek.

(b)  Except at trial, prior to using any Covered Information in open court, counsel shall confer regarding such procedures as are necessary to protect the nondisclosure of the subject discovery material.

**8.     Use of Covered Documents and Covered Information at Trial**

Nothing in this Order shall be construed as limiting the right of either party to introduce Covered Information into evidence at trial, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.  Either party may approach the Court before trial to propose a plan for the use of Covered Information at trial.  Nothing herein, however, shall prevent a party from opposing any such plan.

**9.     Further Requests for Production**

Any person or party receiving Covered Information that receives a request or subpoena for production or disclosure of such information shall promptly give notice by email to the Producing Party that originally designated such information as being within the scope of paragraph 1(b) of this Order.  That notice must identify the information sought and enclose a copy of the subpoena or request.  Provided that the Designating Party makes a timely motion or other application for relief from the subpoena or other request

in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the Designating Party, or until ordered to do so by a court of competent jurisdiction.

**10.    Order Not To Be Construed As a Waiver**

Each party reserves the right to move to modify the terms of this Order at any time. By consenting to this Order, no party hereto shall be deemed to have waived its right to seek a Protective Order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Order, and each party reserves the right to oppose any motion to modify the terms of the Order.  Nothing in this Order shall be construed as a waiver of a party's right to challenge by motion a party's designation of materials as "Covered Information" subject to this Protective Order or to challenge a motion to file a document under seal or move to unseal documents so filed. Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.  This Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any documents or other material sought in discovery, and the parties reserve their right to object to discovery on any appropriate ground.

**11.    Miscellaneous Provisions**

The Parties intend that this Order shall be consistent with the Federal Rules of Civil Procedure and the Local Rules, except as its terms otherwise provide.  For purposes of

computing any period of time under this Order, the provisions of Federal Rule of Civil Procedure 6 shall apply. Nothing in this Order shall prevent disclosure as required by law or compelled by order of any court. Nothing in this Order shall be construed to confer rights on any third party. Nothing in this order shall be construed to independently require the disclosure of classified information or information the disclosure of which is prohibited by law or statute.

**12.    Termination of Litigation**

Within sixty (60) days after final conclusion of all aspects of this Litigation, including any appeals, any party or person who received Covered Information must certify to the opposing parties that those documents or materials (i) have been returned to the Producing Party, or (ii) have been destroyed. However, a party's counsel may retain a copy of all materials filed with the Court, including exhibits filed under seal, counsel's file copies of expert reports, depositions, hearings, trial transcripts, and attorney work product. Defendants may retain other documents and records that are required to be retained by Defendant under the Federal Records Act or any other applicable federal law or regulation. Any Covered Information retained by a party remains subject to the provisions of this Order after final termination of this Litigation.

**13.    Producing Parties' Reliance on Order**

Production of Covered Information will be made in express reliance upon the terms of this Order.

**14.  Consent to Jurisdiction**

Any person or party receiving any Covered Information in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

**15.  Additional Parties**

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel.

**16.  Use of Own or Public Information**

(a)  Nothing in this Order shall impose any restriction on the use of or disclosure by a party of its own information, including the use of or disclosure by a Defendant or Defendant's employees of information subject to the requirements of the Privacy Act.  Nor shall this Order be construed to prevent a party from disclosing a Covered Document to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

(b) Nothing in this Order shall preclude a party from relying on or filing on the public record any information that is in the public domain as a result of publication not involving a violation of this Order, even if the same or similar information has been designated as Covered Information in the context of records produced in discovery under the auspices of this Order. The fact that such information is in the public domain shall not, however, provide a party an automatic right to publicly file Covered Information.  If a party wishes

to argue that the fact that certain information is in the public domain should result in the de-designation or public filing of Covered Information, it shall proceed in accordance with the provisions of this Order.

**17.   Binding on Parties**

Execution of this Protective Order by counsel for a party shall constitute a representation by counsel that they, all persons employed by their firm who have access to Covered Information, and the party or parties they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

AGREED TO BY:

| | |
|---|---|
| /s/ *Amira A. ElShareif* | GREGORY G. BROOKER |
| Hugh Handeyside (*pro hac vice*) | Acting United States Attorney |
| Hina Shamsi (*pro hac vice*) | |
| American Civil Liberties Union Foundation | ERIN M. SECORD |
| 125 Broad Street, 18th Floor | Asst. United States Attorney |
| New York, NY 10004 | Attorney ID Number 0391789 |
| (212) 549-2500 (phone) | 600 U.S. Courthouse |
| (212) 549-2583 (facsimile) | 300 South Fourth Street |
| hhandeyside@aclu.org | Minneapolis, MN 55415 |
| hshamsi@aclu.org | (612) 664-5600 |

˘ 16 ˘

| | |
|---|---|
| | Erin.Secord@usdoj.gov |
| Teresa Nelson (No. 269736) | |
| John Gordon (No. 363237) | JOSEPH H. HUNT |
| Ian Bratlie (No. 319454) | Assistant Attorney General, |
| American Civil Liberties Union Foundation of Minnesota | Civil Division |
| | JOHN R. TYLER |
| 2300 Myrtle Avenue, Suite 180 | Assistant Branch Director |
| Saint Paul, MN 55114 | |
| (651) 645-4097 (phone) | */s/ Michael Drezner* |
| (651) 647-5948 (facsimile) | MICHAEL DREZNER |
| tnelson@aclu-mn.org | Trial Attorney |
| jgordon@aclu-mn.org | U.S. Department of Justice |
| ibratlie@aclu-mn.org | Civil Division, |
| | Federal Programs Branch |
| Randall Tietjen (No. 214474) | VA Bar No. 83836 |
| Amira A. ElShareif (No. 0395348) | Tel: (202) 514-4505 |
| Sarah E. Friedricks (No. 0397466) | michael.l.drezner@usdoj.gov |
| Robins Kaplan LLP | |
| 800 LaSalle Avenue | */s/ Jocelyn Krieger* |
| Suite 2800 | Jocelyn Krieger |
| Minneapolis, MN 55402 | Trial Attorney |

| | |
|---|---|
| (612) 349-8500 | U.S. Department of Justice |
| RTietjen@RobinsKaplan.com | Civil Division, Torts Branch |
| AElShareif@RobinsKaplan.com | NJ Bar No.: 065962013 |
| SFriedricks@RobinsKaplan.com | Tel: (202) 616-1679 |
| | jocelyn.krieger@usdoj.gov |
| Counsel for Plaintiffs | |
| | Attorneys for Defendants |

IT IS SO ORDERED.

Dated: May 17, 2019            s/David T. Schultz
                                               DAVID T. SCHULTZ
                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDISALAM WILWAL, *et al.*,<br>            Plaintiffs,<br><br>       v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br>            Defendants. | Case No. 0:17-cv-02835 |

## **CONFIDENTIALITY UNDERTAKING**

I hereby certify that: (i) I have read the Protective Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Covered Documents and Covered Information subject to the terms of the Order are being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of Covered Documents and Covered Information under the Order and limiting the use of such material; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcement of the Order; and (v) I understand that violation of the Order may be punishable by contempt of Court and may be subject to such further relief as the Court may order.

Dated:_____

Signature:_____

Print name:_____