## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDISALAM WILWAL, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>CHAD A. WOLF, Acting Secretary of the Department of Homeland Security, in his official capacity, *et al.,*<br><br>Defendants. | Case No. 0:17-cv-02835 (DWF/DTS)<br><br>**PROTECTIVE ORDER** |

The Court, having reviewed the stipulation of the parties to a protective order regarding certain documents hereby finds:

1. Plaintiffs have requested internal documents of the United States Department of Homeland Security, United States Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), such as a Report of Investigation, questionnaire with notes, audio recordings of interviews and photographs and videos collected as part of the interviews.

2. HSI considers these documents to be sensitive law enforcement documents that are not typically available to the public, and HSI is concerned that providing these materials to the Plaintiffs may compromise HSI's law enforcement program. However, HSI agrees to make a redacted version of these materials available to Plaintiffs under a protective order for the purpose of settling this case.

3. The parties have therefore requested that this Court issue a protective order for this case limiting the dissemination and use by any person, including Plaintiffs and their counsel, of the materials described above according to the terms set forth herein.

**WHEREFORE, THE COURT, FINDING GOOD CAUSE, HEREBY ORDERS:**

1. HSI's provision of the documents in this case does not create rights or entitlements to similar documents in this case or other cases.

2. HSI shall watermark or label documents subject to this protective order as "CONFIDENTIAL – SUBJECT TO THE PROTECTIVE ORDER" (hereafter "Confidential Documents").  Applying this marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. Counsel for Plaintiffs shall at all times maintain all Confidential Documents in a secure area and shall exercise due care in ensuring the continued confidentiality of all Confidential Documents.  Counsel for Plaintiffs are not authorized to disclose any Confidential Documents to any other person or entity, including their clients, except as provided in Paragraphs (4) and (5) below, unless counsel obtains prior express written permission from the government or obtains permission by order of the Court.

4. Counsel for Plaintiffs may permit Plaintiffs to review the Confidential Documents in counsel's presence, but may not allow the Plaintiffs to

maintain, retain, keep, copy, or photograph the Confidential Documents.

5. Counsel for Plaintiffs may not allow any other person to access the Confidential Documents except as provided in Paragraphs (4) above.

6. None of the Confidential Documents obtained through settlement in this litigation may be used, in any way, for any reason, absent the express written agreement of the government or an order by this Court.

7. Upon the final disposition of this case, counsel for Plaintiffs shall, within forty-five business days, (a) destroy or return to the government all Confidential Documents, in whatever form (*e.g.*, printed or digital); and (b) certify in writing that they have complied with the terms of this provision.

8. No party may file any Confidential Documents except under seal.

9. This Order shall bind the Plaintiffs and their respective counsel of record, including any successor counsel of record, whether retained by Plaintiffs or appointed by the Court.

10. This Stipulation and Protective Order does not supersede or replace the Protective Order regarding documents (ECF No. 90), which shall remain in effect according to its terms.

Dated: March 11, 2020         s/David T. Schultz
                              DAVID T. SCHULTZ
                              U.S. Magistrate Judge