# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDISALAM WILWAL, SAGAL ABDIGANI, individually and on behalf of their children N.W., A.M.W., A.M.M., and MOHAMED OSMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD A. WOLF, Acting Secretary of the Department of Homeland Security, in his official capacity, *et al.*,<br><br>Defendants. | Civil No. 17-2835 (DWF/DTS)<br><br>**REDACTED<br>FINDINGS OF FACT AND<br>ORDER APPROVING<br>MINOR SETTLEMENT** |

Upon review of the Petition for Minor Settlement filed by Abdisalam Wilwal and Sagal Abdigani ("Petitioners"), individually, and as parents and natural guardians for minors N.W., A.M.W., and A.M.M., the Court issues the following Findings of Fact and Order.

## FINDINGS OF FACT

1. N.W. is the minor child of Abdisalam Wilwal and Sagal Abdigani. ▮ date of birth is ▮▮▮, 2007 and ▮ is presently ▮ years old. ▮ resides with ▮ parents in ▮▮, ▮▮▮▮▮, Minnesota.

2. A.M.W. is the minor child of Abdisalam Wilwal and Sagal Abdigani. ▮ date of birth is ▮▮▮, 2008 and ▮ is presently ▮ years old. ▮ resides with ▮ parents in ▮▮, ▮▮▮▮▮, Minnesota.

3. A.M.M. is the minor child of Abdisalam Wilwal and Sagal Abdigani. ■ date of birth is ■ 2010 and ■ is presently ■ years old. ■ resides with ■ parents in ■, ■, Minnesota.

4. In 2017, Petitioners retained the American Civil Liberties Union Foundation, American Civil Liberties Union Foundation of Minnesota, and Robins Kaplan LLP to represent them and their minor children (collectively, "Plaintiffs") in an action relating to an incident that occurred on March 30, 2015 at the border crossing in Portal, North Dakota.

5. Plaintiffs filed their original complaint in this Court on July 13, 2017 and filed an amended complaint on October 12, 2017. (Doc. Nos. [1], [25].)

6. Following informal settlement discussions between the parties, and two formal settlement conferences before Magistrate Judge David Schultz, Defendants offered Plaintiffs a series of non-monetary terms, in addition to monetary relief totaling $■, to settle this case. Plaintiffs accepted the settlement offered by Defendants.

7. Petitioners have represented to the Court that in advance of reaching a settlement, Petitioners, as well as their now-adult son, Mohamed Osman, entered a written agreement in which they agreed that any monetary recovery obtained through a settlement with the Defendants would be divided equally among all six Plaintiffs, i.e., Abdisalam Wilwal, Sagal Abdigani, their three minor children, and Mohamed Osman.

8. Plaintiffs and Defendants finalized two agreements that encompass the settlement in this case: (a) a Settlement Agreement and Release of Constitutional and

Administrative Procedure Act Claims; and (b) a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677.

9. In entering these agreements, Defendants specifically deny any fault or liability to Plaintiffs.

10. Plaintiffs' attorneys provided legal services in this matter *pro bono*. To allow Plaintiffs to recover the largest settlement available, all settlement funds, inclusive of attorneys' fees and costs, have been allocated to Plaintiffs as part of a global settlement agreement. Accordingly, no fees or costs shall be paid to Plaintiffs' counsel for their representation in this matter.

11. Petitioners have represented to the Court that they believe that the proposed settlement is in the best interest of the minor children and should be accepted subject to the approval of this Court, rather than impose upon the minors and their parents the emotional distress, burden, additional expenses, delay, and uncertainty of moving ahead with a trial.

12. The Court has determined that the proposed settlement and distribution of funds is fair and reasonable.

**IT IS HEREBY ORDERED** that:

1. Petitioners may accept Defendants' settlement offer of $███████, in addition to the non-monetary terms to which the parties have agreed as set forth in the Settlement Agreement and Release of Constitutional and Administrative Procedure Act Claims.

2. Distribution of the settlement funds is approved as follows:

a. To N.W., the sum of $▮. Since N.W. is a minor, said amount is to be invested in a Certificate of Deposit to be purchased through Wells Fargo Bank. The Certificate of Deposit and the safekeeping receipt and/or any other document evidencing its purchase shall show on their face the following legend:

**NO TRANSACTIONS SHALL BE MADE WITHOUT COURT ORDER.**

The Certificate of Deposit shall be maintained in the following format:

> N.W., a minor, by ▮ parents and natural guardians, Abdisalam Wilwal and Sagal Abdigani. **Redemption by court order only until the minor reaches the age of majority.** United States District Court for the District of Minnesota, Civil No. 17-2835 (DWF/DTS).

A copy of the Court's order is to be delivered to Wells Fargo Bank by Robins Kaplan LLP, along with the check and the request for the Certificate of Deposit. Evidence of purchase of the Certificate of Deposit is to be filed with the Court. Interest earned on the Certificate of Deposit will not be available to N.W. or ▮ parents until released by the Court to N.W. All interest statements, notifications and tax information shall go to N.W.'s place of residence at ▮ ▮, ▮, ▮, or as directed to be changed from time to time by N.W. or ▮ parents. Applications for release of funds, either before or upon the age of majority, may be made by petition to the Court.

b. To A.M.W., the sum of $▮. Since A.M.W. is a minor, said amount is to be invested in a Certificate of Deposit to be purchased through Wells Fargo Bank. The Certificate of Deposit and the safekeeping receipt and/or any other document evidencing its purchase shall show on their face the following

legend: **NO TRANSACTIONS SHALL BE MADE WITHOUT COURT ORDER.** The Certificate of Deposit shall be maintained in the following format:

> A.M.W., a minor, by ▉ parents and natural guardians, Abdisalam Wilwal and Sagal Abdigani. **Redemption by court order only until the minor reaches the age of majority.** United States District Court for the District of Minnesota, Civil No. 17-2835 (DWF/DTS).

A copy of the Court's order is to be delivered to Wells Fargo Bank by Robins Kaplan LLP, along with the check and the request for the Certificate of Deposit. Evidence of purchase of the Certificate of Deposit is to be filed with the Court. Interest earned on the Certificate of Deposit will not be available to A.M.W. or ▉ parents until released by the Court to A.M.W. All interest statements, notifications and tax information shall go to A.M.W.'s place of residence at ▉ ▉, ▉, ▉, or as directed to be changed from time to time by A.M.W. or ▉ parents. Applications for release of funds, either before or upon the age of majority, may be made by petition to the Court.

    c.    To A.M.M., the sum of $▉. Since A.M.M. is a minor, said amount is to be invested in a Certificate of Deposit to be purchased through Wells Fargo Bank. The Certificate of Deposit and the safekeeping receipt and/or any other document evidencing its purchase shall show on their face the following legend: **NO TRANSACTIONS SHALL BE MADE WITHOUT COURT ORDER.** The Certificate of Deposit shall be maintained in the following format:

        A.M.M., a minor, by ▆ parents and natural guardians, Abdisalam Wilwal and Sagal Abdigani. **Redemption by court order only until the minor reaches the age of majority.** United States District Court for the District of Minnesota, Civil No. 17-2835 (DWF/DTS).

A copy of the Court's order is to be delivered to Wells Fargo Bank by Robins Kaplan LLP, along with the check and the request for the Certificate of Deposit. Evidence of purchase of the Certificate of Deposit is to be filed with the Court. Interest earned on the Certificate of Deposit will not be available to A.M.M. or ▆ parents until released by the Court to A.M.M.  All interest statements, notifications and tax information shall go to A.M.M.'s place of residence at ▆▆▆▆, ▆▆▆▆, ▆▆▆▆, or as directed to be changed from time to time by A.M.M. or ▆ parents.  Applications for release of funds, either before or upon the age of majority, may be made by petition to the Court.

        d.      To Abdisalam Wilwal, Sagal Abdigani, and Mohamed Osman, the sum of $▆▆▆▆ each (totaling $▆▆▆▆).

    3.      Petitioners are authorized to sign any documents necessary to effectuate the settlement and distribution of the recovered proceeds.

Dated:  April 10, 2020                      s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge